## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KECITE RENEE SMITH #259952**                              **CIVIL ACTION**

**VERSUS**                                                              **NO. 24-1891**

**OFFICER SPINKS, ET AL.**                              **SECTION: "R"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Kecite Renee Smith, a state pretrial detainee housed in the St. Tammany Parish Jail in Covington, Louisiana, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. She asserted claims against the following defendants: Officer Spinks, Jacquelen Davenport, Corporal Vanhaelenk, Officer Johnson, and Officer Burgess. She also lists as defendants St. Tammany Parish Medical Nurses and Staff, St. Tammany Parish Jail, Mailroom Officers, Jailors/Officers, Security Supervisors, and PREA Officers.

### I.     Complaint (Rec. Doc. 1)

Plaintiff claims that, Davenport, a jail trustee, offered her commissary goods, hygiene items, extra food trays, and showed her unusual affection. Rec. Doc. 1 at 5-8. Plaintiff claims that she rejected Davenport, who then lodged a false PREA claim that resulted in plaintiff being charged with sexual battery.[1] *Id.* at 8-9. She claims that jail staff failed to properly investigate the PREA complaint. *Id.* at 9, 32. She also claims that she was placed on lockdown after the PREA complaint without

---

[1] PREA is an acronym for the Prison Rape Elimination Act. *See* 34 U.S.C. §§ 30301-09.

disciplinary action. *Id.* at 16. Plaintiff further claims that she was not taken to a 72-hour hearing. *Id.* at 32.

Plaintiff claims that Officer Johnson, Corporal Vanhaelenk, Officer Burgess, and Officer Spinks allow Davenport to be a trustee, permit Davenport to take whatever action she pleases, and show favoritism towards Davenport. *Id.* at 11, 12, 13-15. She also claims that they allow Davenport to contact with plaintiff as part of her trustee duties. *Id.* at 13, 22, 28, 30. Plaintiff claims that she has written three grievances relating to Davenport's harassment and contact with her, but she never received a response from the security supervisors, including Officer Spinks. *Id.* at 12-13, 15-16

Plaintiff also claims that jail officers stole her property when they packed it. *Id.* at 18-19. She claims that Vanhaelenk made comments to a nurse during plaintiff's medical consultation. *Id.* at 21 Finally, plaintiff claims that Officer Burgess would not give her any sanitary napkins on one occasion. *Id.* at 31-32.

Plaintiff requests that the charges against her be dropped. *Id.* at 33. She also seeks psychological and emotional compensation, time off of her sentence, and compensation for stolen property. *Id.*

## II.    Standards for Frivolity Review

Federal law requires that this matter be screened. For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …

<div style="margin-left:2em">

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

</div>

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, screening is also required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, the statute similarly provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

---

[2] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

For the following reasons, even when plaintiff's complaint is liberally construed,[3] her federal civil rights claims should be dismissed as frivolous and/or failing to state a claim on which relief may be granted.

Plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and

---

[3] The Court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III.    Discussion

### A.    Improper Defendants

Among the defendants, plaintiff named Davenport, Tammany Parish Medical Nurses and Staff, St. Tammany Parish Jail, Mailroom Officers, Jailors/Officers, Security Supervisors, and PREA Officers. For the reasons that follow, these are not proper defendants under § 1983.

#### 1.    Inmate Davenport

Plaintiff asserts a number of grievances against Jacquelen Davenport, who is a trustee inmate at St. Tammany Parish Jail. A plaintiff seeking to recover damages under § 1983 must establish that a defendant has acted under color of state law in violating his rights. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). The federal courts, however, have consistently held that an inmate, even a trustee inmate, is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983. *See Batiste v. Gusman*, No. 13-96, 2013 WL 6095833, at *3 (E.D. La. Nov. 20, 2013); *Bland v. Terrebonne Par. Crim. Just. Complex*, No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009). Davenport, as an inmate, is a private person not a state actor.

A plaintiff can establish that a defendant acted under color of state law if the defendant exercised power "'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487

U.S. 42, 49 (1988); *accord Johnson ex rel. Wilson v. Dowd*, 305 F. App'x 221, 223-24 (5th Cir. 2008); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). A private person may only be considered a state actor if the plaintiff establishes that their actions are attributable to the State in this way. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (actions may be attributable to the state if the private citizen is a willful participant in joint activity with a State or its agents). Otherwise, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (internal quotation marks omitted).

Plaintiff has presented no facts to establish that Davenport's alleged actions are attributable to the State or that she acted jointly with any state official to violate a constitutionally protected right.[4] Her conclusory suggestion that Davenport has some influence over the correctional officers is insufficient to establish the necessary level of joint activity or attribution to the State, much less that any action by Davenport or the correctional officers amounted to a constitutional violation.[5]

---

[4] For the reasons discussed later in this Report, Smith has not stated a non-frivolous claim that any constitutional right was violated by the state actor defendants.

[5] Smith's conclusory claims do not allege a conspiracy claim under § 1983. To do so, a plaintiff must show (1) "an actual violation of [Section] 1983" and (2) "an agreement by the defendants to commit an illegal act." *Leggett v. Williams*, 277 F. App'x 498, 501 (5th Cir. 2008). Without an underlying § 1983 claim, no actionable conspiracy claim exists. *Kerr v. Lyford*, 171 F.3d 330, 341-42 (5th Cir. 1999), *abrogated on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). In addition, "[m]ere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy." *Id.* (citing *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)). In pleading specific facts of conspiracy, a plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). Even under a broad reading of her complaint, Smith has not

Without such a showing, Davenport is not a state actor or proper defendant for purposes of § 1983 and the claims against her should be dismissed as frivolous.

### 2. St. Tammany Parish Jail

Plaintiff named the St. Tammany Parish Jail, where she is currently housed, as a defendant. However, the jail itself is not a proper defendant, and the claims against it must be dismissed as frivolous.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights under color of law. 42 U.S.C. § 1983; *see Will v. Mich. Dep't of St. Police*, 491 U.S. 58 (1989). Under federal law, a county or parish prison facility is not recognized as a "person" within the meaning of the statute. *Douglas v. Gusman*, 567 F. Supp.2d 877, 892 (E.D. La. 2008) (Order adopting Report and Recommendation) (citing *United States ex rel. Arzonica v. Scheipe*, 474 F.2d 720, 721 (3rd Cir. 1973)); *Cullen v. DuPage County*, No. 99-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97-0420, 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).

In addition, and in the alternative, a parish prison is not a proper defendant because it lacks capacity to sue or be sued as required by Fed. R. Civ. P. 17(b). An entity's capacity to be sued is determined by reference to the law of the state in which

---

met her burden of pleading a non-conclusory, non-frivolous conspiracy claim or a claim sufficient to attribute Davenport's actions to the State.

the district court sits. Fed. R. Civ. P. 17(b). Although the Louisiana courts have not ruled on the issue of whether a parish jail is a suable entity, this Court must look to Louisiana law to determine if a jail can itself be sued.

To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. In Louisiana, jail facilities are not "legally empowered to do" anything independently of either the respective parish officials or the parish sheriff. *See Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994). This Court also has held that "a prison or jail or its administrative departments are In other words, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp.2d 606, 613 (E.D. La. 1998) (dismissing with prejudice the St. Tammany Parish Jail as an improper defendant); *see also Kerr v. Orleans Parish Sheriff's Office Prison*, No. 15-0746, 2015 WL 4755174 (E.D. La. Aug. 10, 2015).

For these reasons, the St. Tammany Parish Jail is not a person or suable entity to be held liable under § 1983. The claims against the St. Tammany Jail are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed.

### 3. Jailors/PREA Officers, Medical Staff, Security Supervisors and Mailroom Staff

Plaintiff also references as defendants jailors, PREA officers, medical staff, security supervisors, and mailroom staff. These broad groups of people are not

properly named defendants. Rather, a plaintiff must identify all defendants by name. *See, e.g.*, *Hill v. Strain*, No. 08-4768, 2010 WL 111062, at *3 (E.D. La. Jan. 11, 2010) ("Plaintiff may not pursue claims against the unidentified medical personnel and/or sheriff deputies ....  A § 1983 action must be filed against an actual identified person."); *Allen v. Gusman*, No. 05-1633, 2006 WL 286007, at *3 n.8 (E.D. La. Feb. 2, 2006) ("Medical Staff" is not a juridical entity capable of being sued, the specific medical personnel must be named); *see also Fletcher v. Louisiana*, No. 23-2001, 2023 WL 6967423, at *6 (E.D. La. Sept. 11, 2024) ("[T]o state a claim under § 1983, a plaintiff must identify both the constitutional violation and the *responsible person* acting under color of state law.  Plaintiff's failure to identify the officers who allegedly [violated her rights] renders [her] claim insufficient on its own." (emphasis in original)), adopted, 2023 WL 6961806 (E.D. La. Oct. 20, 2023); *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009) ("[A] § 1983 action must be filed against an actual identified person."); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007). Smith has failed to name as a defendant any officers or jail staff other than Officer Spinks, Corporal Vanhaelenk, Officer Johnson, and Officer Burgess who would be responsible for any constitutional violation.

Accordingly, Smith's broad claims against Jailors/PREA Officers, Medical Staff, Security Supervisors, and Mailroom Staff should be dismissed with prejudice. *Dickerson v. Louisiana*, No. 23-2259, 2023 WL 7089720, at *1 n.4 (E.D. La. Oct. 26,

2023); *Hill v. Strain*, No. 08-4768, 2010 WL 111062, at *1 and 3 (E.D. La. Jan. 11, 2010).

### 4. Officer Spinks, Officer Burgess, Corporal Vanhaelenk and Officer Johnson

As previously noted, Smith alleges that Officer Spinks, Officer Burgess and Corporal Vanhaelenk show favoritism towards Davenport, including by allowing her to be a trustee and take whatever action she pleases. Plaintiff also claims that they allow Davenport to come into contact with plaintiff as part of her trustee duties. She additionally claims the defendants failed to properly investigate the PREA claim against her which resulted in criminal charges. She alleges that she was not taken to a 72-hour hearing. She claims that she was placed lockdown without disciplinary action and that defendants stole her property. She further claims that Corporal Vanhaelenk interfered with her medical consultation with a nurse. Plaintiff also claims that Officer Spinks has not answered her grievances. Finally, she claims that, on one occasion, Officer Burgess denied her sanitary napkins. For the reasons explained below, Smith's claims against these defendants fail to state non-frivolous claim of a constitutional violation.

### a. Favoritism and Contact with Trustee

Initially, to the extent that plaintiff is complaining that jail officials should not allow Davenport to serve as a jail trustee, that is not a cognizable claim. Whether Davenport serves as a trustee are solely matters for the jail's administrators, not plaintiff. Further, to the extent that she claims defendants allow Davenport too much discretion in her actions, the manner in which the defendants perform their duties

10

with respect to **other** inmates is, once again, not a federal claim. Finally, to the extent that she complains that defendants allow Davenport to have contact with her when carrying out her duties as a trustee, plaintiff has failed to allege any cognizable harm she has suffered.[7]

### b.  Investigation of PREA Complaint

To the extent that plaintiff claims that defendants failed to properly investigate the PREA complaint and follow PREA protocol, PREA does not create a private cause of action or a federal right for purposes of suit under § 1983. *See Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015); *Herndon v. Tanner*, No. 17-02350, 2017 WL 3841836, at *4 (E.D. La. Jul. 26, 2017). "[A]ny claim raised under the PREA is properly dismissed as frivolous." *Krieg*, 599 F. App'x at 233; *see also Moses v. GEO*, No. 17-CV-1595, 2018 WL 1354068, at *3 (W.D. La. Mar. 14, 2018) (dismissing claims that officials failed to follow PREA protocol); *Peterson v. VOA Greater New Orleans, Inc.*, No. 16-17611, 2017 WL 695398, at *2 n.1 (E.D. La. Feb. 22, 2017) ("The Fifth Circuit has additionally stated that any claim raised under PREA should properly be dismissed as frivolous.") (citing *Krieg*, 599 F. App'x at 233).

### c.  Inadequate ARP Response

---

[6] Doc. 1 at 9.

[7] Even construed generously, the Complaint does not allege that Davenport engaged in unwanted contact with Plaintiff.  With respect to any potential contact, the Complaint alleges: "when we started to perform a lovers['] relationship in here, I called it off and that's when the [PREA complaint] came about!" To be clear, the reference to the PREA complaint addresses an alleged incident (disputed by plaintiff) in which Davenport was the victim.

Plaintiff specifically complains that Officer Spinks, a security supervisor, failed to answer her grievances. Even if that is true, "[t]he failure of the prison to follow its own policies, including a failure to address prisoner grievances, is not sufficient to make out a civil rights claim." *Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)). It is well settled that a prisoner does not have a constitutional right to an effective grievance procedure, and she has no due process liberty interest in having her grievances resolved to her satisfaction. *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)). In other words, there is no constitutional guarantee that the inmate will receive a response from or be satisfied with the responses by the prison officials. *See Wilcox v. Johnson*, 85 F.3d 630, 1996 WL 253868 at *1 (6th Cir. May 13, 1996) (Table, Text in Westlaw); *see also Lijadu v. INS*, No. 06-0518, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("[D]etainees 'do not have a constitutionally protected right to a grievance procedure' - much less one that complies with their own personal preferences."). Plaintiff's dissatisfaction with the response she received is insufficient to state a § 1983 claim against the defendant.

### d.  Placed on Lockdown without Disciplinary Action

Plaintiff claims that on June 24 or 25, 2024, after Davenport made her PREA complaint, she was placed on lockdown despite not receiving any disciplinary action, where she remained until July 7, 2024 when Davenport was moved to a different dormitory. Rec. Doc. 1 at 16-18, 31.

It is true that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). But "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Id.* at 537. Rather:

> Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. Traditionally, this has meant confinement in a facility which, no matter how modern or how antiquated, results in restricting the movement of a detainee in a manner in which he would not be restricted if he simply were free to walk the streets pending trial. Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain. Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

*Id.*

Therefore, "in determining whether particular restrictions and conditions accompanying pretrial detention amount to punishment in the constitutional sense of that word[,] [a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. Further, the Supreme Court has explained:

13

> Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees. Courts must be mindful that these inquiries spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility.

*Id.* at 538-39 (footnotes, citations, internal quotation marks, and brackets omitted).

Additionally, "[r]estraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id.* at 540. Whether such a reasonable relation exists is "peculiarly within the province and professional expertise of correction officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, the courts should ordinarily defer to their judgment in such matters." *Id.* at n.23 (quoting *Pell v. Procunier*, 417 U.S. 817, 827 (1974)).

"[A]bsent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim" because it "simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 612-613

(5th Cir. 1996). In that regard, the Supreme Court held that a plaintiff's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Even in the pretrial detainee context, the Fifth Circuit accords "the widest possible deference" in classifying inmates as necessary " 'to maintain security and preserve internal order.' " *Perez v. Anderson*, 350 F. App'x 959, 962 (5th Cir. 2009) (per curiam) (quoting *Hernandez v. Velasquez*, 522 F. 3d 556, 561 (5th Cir. 2008)).

There is a legitimate interest in effectively managing the jail, maintaining jail security and order and ensuring the safety of inmates and personnel, including segregating inmates from other inmates for safety reasons. *Bell*, 441 U.S. at 539-40, 540 n.23, 546-47, 548 n.29. Here, plaintiff admits that she was temporarily placed in administrative segregation after a PREA complaint had been filed against her. Under the circumstances, segregating plaintiff from Davenport was reasonably related to a legitimate government interest. *Rhinehart v. Ray*, C/A No. 2:22-cv-00594-JFA-MGB, 2023 WL 4409001 at *12 (D.S.C. May 24, 2023) (no due process violation where plaintiff's placement in administrative segregation was based on a legitimate government interest in protecting himself and others after he complained of a possible PREA violation) (citations omitted), *adopted*, 2023 WL 4196937 (D.S.C. June 27, 2023); *Greene v. Gregory*, 1:20cv522, 2022 WL 10584456, at *10 (E.D. Va. Oct. 18, 2022) ("Given the need to ensure the safety of the PREA complainant, HCRJ did not act with the intent to punish Greene, but to ensure compliance with the PREA and

protect the victim because the security and safety of a PREA victim is a legitimate governmental interest."), *appeal dismissed*, No. 22-7475, 2023 WL 4249267 (4th Cir. Feb. 24, 2023).

To the extent that plaintiff is perhaps suggesting that the course chosen by the jail authorities to achieve that legitimate governmental objective was not the "best" or "fairest" one available, a federal court normally should not weigh in on such issues. On the contrary, the Supreme Court has cautioned:

> In determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion, courts must heed our warning that "[s]uch considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."

*Bell*, 441 U.S. at 540 n.23 (quoting *Pell v. Procunier*, 417 U.S. 817, 827 (1974)); *see also Maddox v. Gusman*, No. 14-2435, 2015 WL 1274081, at *3 (E.D. La. Mar. 19, 2015) ("[T]he judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of trivial inconveniences."). The question for a federal court is only whether the course chosen was a reasonable one. Here it was. As a result, plaintiff's claim is meritless.

### e. Interference with Medical Consultation

Smith claims that Vanhaelenk made comments to Nurse CeCe after her medical consultation with plaintiff that plaintiff is "crazy," "didn't know what [she] was talking about" and was not to be believed. Rec. Doc. 1 at 21.

Assuming Vanhaelenk made the statements alleged, this conduct, in and of itself, does not amount to a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993) (inmates have no constitutional right to be free from verbal abuse or defamation). It is well settled that crude, unprofessional, or harassing remarks, even verbal threats by prison staff to an inmate, do not rise to the level of a constitutional violation. *Field v. Corr. Corp.*, 364 F. App'x 927, 930 (5th Cir. 2010); *Orange v. Ellis*, 348 F. App'x 69, 72 (5th Cir. 2009) ("[C]laims of verbal harassment do not reveal a constitutional violation. Mere words are not sufficient to support a Section 1983 claim."); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (holding that "claims of verbal abuse are not actionable" constitutional claims); *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (same).

As for her claim that Vanhaelenk somehow interfered with her medical consultation with Nurse CeCe, that consultation appears to have been completed prior to Vanhaelenk's comments. Plaintiff herself alleged that "the nurse told [her] what [she] needed to know" and left to talk to Davenport. Rec. Doc. 1 at 21. Further, "[a] single incident of a correctional officer interfering with one medical appointment does not state a constitutional claim." *Sims-Lewis v. Corizon Health Care Services*, No. JRR-22-1097, 2022 WL 2193312, at *2 (D. Maryland June 17, 2022) (citations omitted).

### f.  Denial of Sanitary Napkins

Plaintiff claims that Burgess denied her sanitary napkins on July 13, 2024. Plaintiff does not allege that she was routinely denied sanitary pads, that she lacked access to other hygiene supplies, or that there was an immediate danger to her health.

Where a plaintiff's allegations are based on a particular act or omission of one or more officials, the action is characterized as an "episodic act or omission" case. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 645 (5th Cir. 1996). Where the plaintiff is suing an individual defendant, as opposed to a municipality, for a specific act or omission the plaintiff " 'must establish that the official(s) acted with subjective deliberate indifference to prove a violation of [her] constitutional rights.' " *Olabisiomotosho*, 185 F.3d at 526 (citing *Flores v. County of Hardeman*, 124 F.3d 736, 738-39 (5th Cir. 1997)). An official acts with subjective deliberate indifference when he "had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." *Hare*, 74 F.3d at 650. Deliberate indifference presents a high bar; "[n]egligence or even gross negligence is not enough. *Campos v. Webb County*, 597 F. App'x 787, 792 (5th Cir. 2015). Rather, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Garza*, 922 F.3d at 634-35 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff did not plead facts imputing to Burgess a subjective awareness of any "substantial risk of serious harm" posed by the denial of sanitary napkins on a single

occasion. *Jaganathan v. Gillespie County*, No. 1:20-CV-1170-DAE, 2022 WL 20470520 (W.D. Tex. Nov. 22, 20224) (negligent denial of feminine products and medical care for 31-hour detainment is insufficient for episodic act claim where no facts supported an inference of subjective awareness of a substantial risk of serious harm). Further, plaintiff's allegations that Burgess denied her sanitary napkins on a single occasion fail to establish a deprivation of her constitutional rights. *Brown v. Hamilton, Twp. Police Dep't Mercer Cty., N.J.*, 547 F. App'x 96, 98 (3d Cir. 2013) ("[D]efendants' failure to provide needed sanitary napkins for a few hours may have resulted in discomfort, [but] it was de minimis, and certainly not sufficiently serious to implicate [the plaintiff's] constitutional rights."); *Sherwin v. Camden City*, No. 16-cv-8665, 2018 WL 2383151, at *5 (D.N.J. May 24, 2018) ("Plaintiff has not offered any facts demonstrating how one day's denial of soap, toothpaste, or sanitary napkins jeopardized her health or caused her injuries. While the Court agrees that the lack of these items for a day is unpleasant or even embarrassing, this does not rise to the level of a constitutional violation. The Complaint does not plausibly suggest that conditions as Plaintiff describes them were imposed as 'punishment.' ").

### g. Loss of Property

To the extent that plaintiff is attempting to sue jail officials for the loss of her property, that claim likewise is not actionable here. That is so because "[t]he Due Process Clause is not implicated by a state official's negligent act causing unintended loss of property, and even intentional destruction of an inmate's property does not raise a constitutional claim if an adequate post-deprivation remedy exists." *Simmons*

*v. Poppell*, 837 F.2d 1243, 1244 (5th Cir. 1988) (citing *Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984)). It is well settled that "Louisiana provides an adequate tort postdeprivation remedy for procedural due-process claims relating to negligent or intentional property loss claims by inmates." *Gross v. Normand*, 576 F. App'x 318, 320 (5th Cir. 2014) (citing *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984), and La. Civ. Code Ann. art. 2315).

The Constitution is not implicated regardless of whether plaintiff's items were taken through negligence or an intentional act. In neither instance can plaintiff state a claim under § 1983 for deprivation of property. *Geiger*, 404 F.3d at 374; *Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) ("... when an inmate's property is taken without compensation, his remedy is in state court, not federal court.").

Therefore, plaintiff's property claim does not allege a constitutional violation and, thus, does not have an arguable basis in law.

## h. Failure to take Plaintiff to a 72-Hour Hearing

Plaintiff claims she was not taken for a 72-hour hearing, presumably as required by Louisiana Code of Criminal Procedure article 230.1.[8] This claim,

---

[8] That article provides:

> A. The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two-hour period referred to herein. The defendant shall appear in person unless the court by local rule provides for such appearance by telephone or audio-video electronic equipment. However, upon a showing that the defendant is incapacitated, unconscious, or

however, is premised on purported violations of *state* law, and violations of state law are not actionable under 42 U.S.C. § 1983. *See, e.g., Hayes v. Herford*, No. 22-cv-0872, 2022 WL 2446498, at *2 (W.D. La. June 13, 2022) ("Plaintiff's claim [that the defendants failed to abide by the provisions of art. 230.1] alleges a violation of State law, at worst, and therefore is insufficient to state a claim for which relief may be granted pursuant to § 1983."), *adopted*, 2022 WL 2444946 (W.D. La. July 5, 2022); *Delaney v. Ackal*, No. 09-1643, 2009 WL 5195935, at *5 (W.D. La. Dec. 30, 2009) (same).

Moreover, article 230.1 does not give rise to a constitutionally protected liberty interest, and, therefore, failure to comply with that article does not constitute a federal due process violation under the Fourteenth Amendment. *LaFrance v. City of New Orleans*, No. 16-14439, 2017 WL 3277291, at *4-5 (E.D. La. June 19, 2017); *see*

---

        otherwise physically or mentally unable to appear in court within seventy-two hours, then the defendant's presence is waived by law, and a judge shall appoint counsel to represent the defendant within seventy-two hours from the time of arrest.

    B.    At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail.

    C.    If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released on his own recognizance.

    D.    The failure of the sheriff or law enforcement officer to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant.

La. Code Crim. P. art. 230.1.

*also Dominick v. Stone*, No. 19-0503, 2019 WL 2932817, at *3-4 (W.D. La. June 14, 2019), *adopted*, 2019 WL 2932756 (W.D. La. July 8, 2019).

To the extent that plaintiff is asking this Court to exercise supplemental jurisdiction to consider the merits of her state law claims, that invitation should be declined in light of the fact that she has no cognizable federal claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...."); *see also Jackson v. Mizzel*, 361 F. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); *Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If plaintiff wishes to pursue claims under state law, she should do so in the state courts.

## C.    Habeas Corpus Related Claims

As part of her request for relief, plaintiffs seeks to have her current criminal charges dropped. This relief sounds in the law of habeas corpus. This civil rights proceeding is not appropriate for pursuing that type of relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir.1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir.1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir.1998) (en banc); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir.1986). Plaintiff should pursue

any such relief in a properly filed state criminal motion or federal habeas corpus proceeding, if appropriate, or a post-conviction motion should she be convicted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims under state law be **DISMISSED WITHOUT PREJUDICE** to their being asserted in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this 19th day of November, 2024.

EVA J. DOSSIER
**UNITED STATES MAGISTRATE JUDGE**

---

[9] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.